NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

APR 22 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PARAMJEET SINGH,<br><br>    Petitioner,<br><br> v.<br><br>TODD BLANCHE, Acting Attorney General,<br><br>    Respondent. | No. 25-2152<br><br>Agency No.<br>A213-088-027<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 16, 2026[**]
San Francisco, California

Before: RAWLINSON, R. NELSON, and BADE, Circuit Judges.

Paramjeet Singh (Singh), a native and citizen of India, petitions for review

of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal of

a decision from the Immigration Judge (IJ) denying his applications for asylum,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture (CAT) based on an adverse credibility determination. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

We review adverse credibility determinations, as well as denials of asylum, withholding of removal, and CAT relief, for substantial evidence. *See Ani v. Bondi*, 155 F.4th 1118, 1126 (9th Cir. 2025). "Under the substantial evidence standard, administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. . . ." *Id.* (citation omitted).

1.      "[The REAL ID Act] directs an IJ to base an adverse credibility determination on all relevant factors in light of the totality of the circumstances. The relevant factors include, but are not limited to, an applicant's demeanor, candor, or responsiveness; the inherent plausibility of the applicant's account; and the consistency of the applicant's statements with other evidence of record." *Uc Encarnacion v. Bondi*, 156 F.4th 927, 935-36 (9th Cir. 2025) (citations and internal quotation marks omitted).

Substantial evidence supports the agency's adverse credibility determination. The BIA affirmed the IJ's finding that Singh's testimony regarding an attack he suffered from members of the Bharatiya Janata Party (BJP) in 2017 was internally inconsistent, because Singh had not previously mentioned an

2                                                    25-2152

encounter with the BJP. *See Dong v. Garland*, 50 F.4th 1291, 1297, 1301 (9th Cir. 2022) ("Inconsistencies in an applicant's testimony may support an adverse credibility determination.") (citation omitted). The BIA determined that, notwithstanding Singh's explanation once he was given the opportunity to address the inconsistency, Singh failed to "persuasively reconcile the discrepancy." *See Aguilar Fermin v. Barr*, 958 F.3d 887, 892 (9th Cir. 2020). The BIA also relied on a discrepancy between Singh's testimony that in a 2014 incident he was rendered unconscious from a beating by "the Akali Dal Badal people" and the discharge summary, which stated that he was admitted as the result of an automobile accident. The discharge summary also stated that Singh was unconscious for fifteen minutes, which conflicted with Singh's testimony that he was unconscious for three days. Although the IJ was "inclined" to give Singh the benefit of the doubt when considering Singh's explanation that he could not be certain about the details due to being unconscious, the IJ ultimately made an adverse credibility determination after also considering the discrepancy concerning the 2017 incident. *See Uc Encarnacion*, 156 F.4th at 936 (considering "consistency of the applicant's statement with other evidence of record") (citation omitted).

2. The BIA dismissed Singh's appeal based on the adverse credibility determination. Because the BIA did not address the merits of the claims for asylum and withholding of removal, neither do we. *See Myers v. Sessions*, 904

25-2152

F.3d 1101, 1113 (9th Cir. 2018) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency. . . .") (citation omitted).

**3.** The denial of protection under the CAT was supported by substantial evidence. Singh's claim for CAT relief relies upon the same facts that the BIA determined not to be credible, and he "points to no other evidence" to support his claim of torture. *Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003).

**PETITION DENIED.**[1]

---

[1] The motion for stay of removal (Dkt. # 3) is denied.